1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VITALY V. KONONOV,                          No.  2:16-cv-376-JAM-EFB PS

12                    Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14   WAL-MART STORES, INC.; SHANNON
     BENOIT; DANIEL ISLAS,
15
                     Defendants.
16

17

18          The court previously granted plaintiff's request for leave to proceed *in forma pauperis*,

19   but dismissed the complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1]  *See* ECF No.

20   2.  Plaintiff has since filed a first amended complaint.  However, the amended complaint fails to

21   cure the defects that resulted in the dismissal of the original complaint and it, too, must be

22   dismissed.

23          Plaintiff's original complaint alleged that in January 2016, defendants wrongfully

24   terminated plaintiff's employment with Walmart after management overheard plaintiff use

25   inappropriate language.  ECF No. 1 at 5.  Plaintiff claims that the inappropriate language was

26   used in a private conversation during plaintiff's lunch break, and that plaintiff never used such

27   ────────────────

28          [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                1

language when working with customers.  *Id*.  Plaintiff alleged that terminating plaintiff's employment based on such statements violated plaintiff's right to free speech under the First Amendment.  *Id*.

In dismissing that complaint, the court noted that plaintiff failed to establish the court's subject matter jurisdiction.  Plaintiff failed to adequately allege facts establishing a federal claim and the complaint demonstrated that diversity jurisdiction was lacking.  Accordingly, the court dismissed plaintiff's complaint, but provided plaintiff an opportunity to "allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory."  ECF No. 4 at 4.  The order provided that "[s]hould plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction."  *Id*.

Plaintiff subsequently filed a first amended complaint which again alleges that during a lunch break, plaintiff used profanity during a conversation with a co-worker.  ECF No. 5 at 5.  Plaintiff alleges that as a result, plaintiff's employment was terminated for "Misconduct with Coaching."  Plaintiff  tried to explain to the supervisors, defendants Shannon Benoit and Daniel Islas, that inappropriate language was never used while plaintiff was "on the clock" or working with customers, but these defendants determined that plaintiff's conduct violated company rules and regulations and warranted termination of employment.  *Id*.  Plaintiff further claims that the termination violated plaintiff's right to freedom of speech under the First Amendment.  *Id*. at 4.

As previously explained, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id*. (citations omitted).  Dismissal is appropriate based either on

the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing the complaint the court must accept its allegations as true, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, the complaint must include a basis for the court's subject matter jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Like plaintiff's original complaint, the amended complaint fails to adequately allege a basis for this court's jurisdiction. Plaintiff claims that the court has diversity jurisdiction pursuant to 42 U.S.C. 1332 because there is "diverse citizenship of all parties" and the amount in

3

controversy exceeds $75,000.  ECF. No. 5.  The amended complaint, however, does not identify the citizenship of the parties.  Moreover, plaintiff's original complaint indicated that plaintiff and the individual defendants are citizens of California.  ECF No. 1 at 2-3.  Accordingly, diversity jurisdiction is lacking.

Moreover, assuming jurisdiction, the complaint fails to state a federal claim upon which relief may be granted.  The only federal claim alleged in the amended complaint is for violation of plaintiff's right to free speech under the First Amendment to the United States Constitution.  As previously explained to plaintiff, to state a claim under § 1983,[2] a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The amended complaint fails to allege any facts indicating that the defendants are state actors.  Instead, the individual defendants appear to be private citizens working in management positions for Walmart, a corporation.  Thus, the complaint fails to state a claim under § 1983,  and no other federal claim is asserted.   Absent a cognizable federal claim, plaintiff has failed to establish the court's subject matter jurisdiction.

Given plaintiff's failure to remedy the deficiency in her amended complaint, as well as the earlier allegations demonstrating that the conduct complained of was private, not state action and that diversity of citizenship is absent for purposes of jurisdiction over any non-federal claim, further leave to amend would be futile.  Accordingly, plaintiff's complaint should be dismissed without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

/////

---

[2]  In the amended complaint, plaintiff states that plaintiff is "[r]emoving the 42 U.S.C. § 1983 portion of this complaint,"  but then claims to be alleging a First Amendment claim.  ECF No. 5 at 7.  Plaintiff, however, "has no cause of action directly under the United States Constitution," and "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."  *Azul-Pacifico, Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992).  Accordingly, plaintiff's First Amendment claim is construed as a claim brought pursuant to § 1983.

1      Accordingly, it is hereby RECOMMENDED that plaintiff's first amended complaint be

2    dismissed without leave to amend and the Clerk be directed to close this case.

3      These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   DATED:  October 3, 2017.

11                                          EDMUND F. BRENNAN
12                                          UNITED STATES MAGISTRATE JUDGE